IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| TYRONE NUNN, SR., ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 3:13cv245-MHT |
| ) | (WO) |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

In a *pro se* pleading styled as a Motion to Vacate, Set Aside or Correct Sentence (Doc. No. 1), Petitioner challenges his convictions in this court on charges of possession with intent to distribute crack cocaine (Criminal Case No. 3:08cr28-MHT). Petitioner asserts nonsensical arguments that he is immune from prosecution as a "free citizen . . . living in a social state, independently of positive laws of human institutions." Doc. No. 1 at 3-4. For the reasons that follow, the court finds that Petitioner is not entitled to any relief.

**I.   DISCUSSION**

Petitioner's claims attack the fundamental legality of his conviction. Petitioner therefore seeks relief from this court that is appropriate only under 28 U.S.C. § 2255. *Wofford v. Scott*, 177 F.3d 1236, 1244-45 (11th Cir. 1999); *see Gonzalez v. Crosby*, 545 U.S. 524 (2005). Thus, regardless of any label Petitioner attaches to his instant motion, this court finds that his pleading is of the same legal effect as, and should be construed as, a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. This is the sixth 28 U.S.C.

§ 2255 motion filed by Petitioner attacking his conviction and sentence in Criminal Case No. 3:08cr28-MHT.

Petitioner's first such § 2255 motion was filed on July 15, 2010. *See* Civil Action No. 3:10cv625-MHT-WC, Doc. No. 1. On June 16, 2012, this court denied that § 2255 motion, deciding all claims adversely to Petitioner. *Id*., Doc. Nos. 162 & 163 (Opinion & Final Judgment of District Court Adopting Magistrate Judge's Recommendation [Doc. No. 157]).

On or around August 13, 2012, Petitioner filed a second motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. *See* Civil Action No. 3:12cv726-MHT-WC, Doc. No. 2. In that § 2255 motion, Petitioner asserted that the indictment in his case was insufficient to give the district court jurisdiction. *Id*. Because Petitioner had not obtained pre-certification from the Eleventh Circuit Court of Appeals authorizing this court to consider a successive § 2255 motion, this court summarily dismissed his § 2255 motion.[1] *Id*., Doc. Nos. 5 & 6 (Opinion & Final Judgment of District Court Adopting Magistrate Judge's Recommendation [Doc. No. 3]).

---

[1] The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides that, to file a second or successive § 2255 motion in the district court, the movant must first move in the appropriate court of appeals for an order authorizing the district court to consider the motion. *See* 28 U.S.C. § 2244(b)(3)(A). The appellate court, in turn, must certify that the second or successive § 2255 motion contains "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." *See* 28 U.S.C. § 2255(h). A district court lacks the jurisdiction to consider a successive § 2255 motion where the movant fails to obtain permission from the appellate court to file a successive motion. *See, e.g., Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003); *Boone v. Sec'y, Dep't of Corr.*, 377 F.3d 1315, 1317 (11th Cir. 2004).

On or around October 9, 2012, Petitioner filed a *pro se* pleading styled as a "Motion for Sua Sponte Dismissal of Indictment." *See* Civil Action No. 3:12cv932-MHT-WC, Doc. No. 2.  In that motion, just as he did in his second § 2255 motion, Petitioner asserted that the indictment in his case was insufficient to give the district court jurisdiction. *Id*.  Because the motion attacked the fundamental validity of Petitioner's conviction and sentence, this court characterized the motion as a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255.  Because Petitioner had not obtained pre-certification from the Eleventh Circuit Court of Appeals authorizing this court to consider a successive § 2255 motion, this court summarily dismissed his § 2255 motion (just as it did with his second § 2255 motion). *Id*., Doc. Nos. 5 & 6 (Opinion & Final Judgment of District Court Adopting Magistrate Judge's Recommendation [Doc. No. 3]).

On or around December 2, 2012, in a *pro se* pleading styled as a "Motion for Judicial Notice," Petitioner again challenged his conviction and sentence on the basis that this court lacked jurisdiction to hear his criminal case. *See* Civil Action No. 3:12cv1090-MHT, Doc. No. 2.  This court characterized that pleading as yet another successive 28 U.S.C. § 2255 motion.  Because Petitioner had not obtained the required pre-certification from the Eleventh Circuit, this court again summarily dismissed his § 2255 motion. *Id*., Doc. Nos. 9 & 10 (Opinion & Final Judgment of District Court Adopting Magistrate Judge's Recommendation [Doc. No. 6]).

On or around December 24, 2012, Petitioner filed a *pro se* pleading styled as a

"Petition for Writ of Audita Querela" in which he again challenged his conviction and sentence in this court. *See* Civil Action No. 3:13cv12-MHT, Doc. No. 2. This court characterized that pleading as a successive 28 U.S.C. § 2255 motion, which was summarily dismissed because Petitioner had not obtained the required pre-certification from the Eleventh Circuit. *Id*., Doc. Nos. 17 & 18 (Opinion & Final Judgment of District Court Adopting Magistrate Judge's Recommendation [Doc. No. 13]).

Petitioner has yet to obtain the pre-certification from the Eleventh Circuit Court of Appeals authorizing this court to consider a successive § 2255 motion. The motion now before this court is Petitioner's sixth § 2255 motion attacking the same convictions and sentence. Because Petitioner has not obtained permission from the appellate court to file a successive § 2255 motion, this court lacks the jurisdiction to consider the merits of his present § 2255 motion and the motion should be summarily dismissed. *See, e.g.*, *Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003); *Boone v. Sec'y, Dep't of Corr.*, 377 F.3d 1315, 1317 (11th Cir. 2004).

## II.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the § 2255 motion (Doc. No. 1) be DENIED and this case DISMISSED, because Petitioner has failed to obtain the requisite order from the Eleventh Circuit Court of Appeals authorizing this court to consider a successive § 2255 motion.

It is further

ORDERED that on or before **May 7, 2013**, the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a *de novo* determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 23rd day of April, 2013.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE